

# In the Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| IN RE THE MATTER OF: K.L.M., | ) | |
| Appellant, | ) | WD85029 |
| v. | ) | |
| | ) | |
| JUVENILE OFFICER, | ) | FILED: January 31, 2023 |
| Respondent. | ) | |

## APPEAL FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
### THE HONORABLE PATRICK K. ROBB, JUDGE

### BEFORE DIVISION TWO: EDWARD R. ARDINI, JR., PRESIDING JUDGE, LISA WHITE HARDWICK, JUDGE, AND KAREN KING MITCHELL, JUDGE

K.L.M. appeals the juvenile court's judgment committing her to the Buchanan County Academy ("BCA") after she failed to attend school, engaged in behavior injurious to her welfare, and violated the conditions of her probation. She contends the juvenile court abused its discretion by failing to grant her request for a continuance of the dispositional hearing. Because the case is now moot, we dismiss the appeal.

### FACTUAL AND PROCEDURAL BACKGROUND

K.L.M. was born on January 31, 2007. In February 2020, shortly after K.L.M. turned 13 years old, the Juvenile Officer of Buchanan County ("Juvenile Officer") filed a petition alleging K.L.M. committed the class A misdemeanor offense of

stealing, if committed by an adult; failed to attend school; and was habitually absent from her home without permission or justification. K.L.M. admitted the allegations in the petition were true. The juvenile court took jurisdiction over K.L.M. and committed her to the custody of the BCA. After she completed the BCA's program, she was released from the BCA and placed on probation.

In August 2020, the Juvenile Officer filed a motion to modify the previous order of disposition alleging K.L.M. violated the conditions of her probation by failing to attend substance abuse treatment at Preferred Family Healthcare and failing to report to her probation officer. K.L.M. admitted the allegations in the motion were true, and the court committed her to the custody of the BCA. After she completed the BCA's program, she was released from the BCA and placed on probation.

On October 7, 2021, the Juvenile Officer filed another motion to modify the previous order of disposition alleging that K.L.M. failed to attend school, engaged in behavior injurious to her welfare by testing positive for marijuana, and violated the conditions of her probation by being unsuccessfully discharged from Preferred Family Healthcare outpatient treatment in July 2021 and failing to attend a scheduled substance abuse intake assessment with Preferred Family Healthcare in September 2021.

K.L.M. contested these allegations, so the juvenile court held an adjudication hearing on this motion to modify on December 1, 2021. At the hearing, K.L.M.'s school principal testified to K.L.M.'s numerous absences and

failing grades, K.L.M.'s probation officer testified that she administered the urinalysis test that showed K.L.M. was positive for marijuana, and two employees from Preferred Family Healthcare testified to K.L.M.'s discharge from Preferred Family Healthcare due to lack of engagement.  The juvenile court found all of the allegations against K.L.M. to be true and told the parties it would immediately hold the dispositional hearing.

K.L.M.'s counsel requested a continuance after he informed the court he had prepared only for adjudication and not disposition.  The juvenile court overruled the continuance request.  During the dispositional hearing, the Juvenile Officer presented only argument, and K.L.M. gave a lengthy statement.  The court committed K.L.M. to the custody of the BCA.  K.L.M. appeals.

## MOOTNESS

K.L.M.'s sole point on appeal is that the juvenile court abused its discretion in denying her request for a continuance of her dispositional hearing.  She asks that we reverse the court's judgment and remand the case for a new dispositional hearing.

"A threshold question in any appellate review is the mootness of the controversy."  *Interest of P.D.W.*, 606 S.W.3d 232, 235 (Mo. App. 2020) (citation omitted).  Because mootness implicates justiciability, we must consider, either on a party's motion or, as in this case, *sua sponte*, whether an appeal is moot.  *D.C.M. v. Pemiscot Cty. Juvenile Office*, 578 S.W.3d 776, 780 (Mo. banc 2019).  "When an event occurs that makes a court's decision unnecessary or makes

3

granting effectual relief by the court impossible, the case is moot and generally should be dismissed." *Id.* (citation omitted). In determining whether a case is moot, we may consider facts outside the record. *Norton v. McDonald*, 590 S.W.3d 450, 452 (Mo. App. 2020).

A review of the records of the underlying case on Case.net shows that, after the juvenile court denied K.L.M.'s request for a continuance of her dispositional hearing and committed her to the BCA on December 1, 2021, K.L.M. completed the program and was released from the BCA and placed on probation in August 2022. In November 2022, the juvenile court issued an order to take K.L.M. into custody after she was reported as a runaway. On November 28, 2022, the Juvenile Officer filed another motion to modify alleging K.L.M. was repeatedly and without justification absent from school, committed acts of behavior injurious to herself or others by using marijuana on two occasions, disobeyed the reasonable and lawful directions of her parent or other custodian by refusing to return home, and violated the conditions of her probation by failing to abide by the conditions of her electronic monitoring program. On December 1, 2022, the juvenile court held a detention hearing and ordered that K.L.M. remain in a designated juvenile detention facility until further order of the court. The hearing on the Juvenile Officer's motion to modify was scheduled for December 15, 2022.

These events have made any decision as to the propriety of the court's denial of the motion to continue the dispositional hearing unnecessary and made granting any effectual relief impossible. K.L.M. completed her commitment to the

4

BCA ordered in that dispositional hearing and was released and placed on probation. She was then ordered detained in the juvenile detention center pending a hearing on new allegations in a subsequent motion to modify. Remanding the case for a new dispositional hearing on the prior motion to modify would be pointless, as there is no further disposition to be had on that motion. K.L.M. can neither be "recommitted" to the BCA or another facility nor released to her parent or custodian based on that prior motion. "If no relief can be granted . . . because the situation has so changed that the relief sought cannot be granted, the court will not go through the empty formality of determining whether or not the relief asked for . . . could have been granted but for changed conditions." *Interest of D.R.C.*, 588 S.W.3d 527, 530 (Mo. App. 2019) (citation omitted). K.L.M.'s appeal is moot.[1]

If an appeal is moot, we can exercise our discretion to decide the case on its merits "if one of two narrow exceptions to the mootness doctrine exist: '(1) when a case becomes moot after submission and argument; and (2) when the issue raised is one of general public interest and importance, recurring in nature, and will otherwise evade appellate review.'" *D.C.M.*, 578 S.W.3d at 780-81 (citations

---

[1] K.L.M. does not challenge her adjudication of delinquency, which distinguishes this case from *D.C.M.* In *D.C.M.*, the Supreme Court held that an appeal of an adjudication was not moot even though the juvenile had been released from supervision and the juvenile court no longer had jurisdiction over him. *D.C.M.,* 578 S.W.3d at 781. Because the juvenile was entitled to "the opportunity to remove the discredit and stigma associated with his record of adjudication" and the record of his prior juvenile adjudication could be introduced if he were tried in the future for a criminal offense, the Court held that "addressing this appeal would have a practical effect on an existing controversy." *Id.* The concerns present in *D.C.M.* are not present here, as K.L.M.'s appeal pertains only to her dispositional hearing.

omitted).  Neither exception applies here.  The case became moot before it was submitted to this court, and the issue raised—the propriety of the court's decision to deny K.L.M.'s motion for a continuance of the dispositional hearing—involves facts unique to this case that are not of general public interest or importance and are not recurring in nature.

**CONCLUSION**

The appeal is dismissed.

_____
LISA WHITE HARDWICK, JUDGE

ALL CONCUR.